Victor SEVERINO, Plaintiff,

v.

THORNBURGH, Defendant.

No. 91–CIV–2689 (LJF).

United States District Court, S.D. New York.

Nov. 12, 1991.

Peter Hirsch, Law Office of Peter Hirsch, New York City, for plaintiff.

Diogenes P. Kekatos, Asst. U.S. Atty., U.S. Attorney's Office, S.D.N.Y., New York City, for defendant.

OPINION AND ORDER

FREEH, District Judge.

At issue in this habeas corpus petition is whether the Immigration and Naturaliza-

tion Service ("INS") is obligated to make a bond determination for a state prisoner against whom an INS detainer, an administrative order to show cause charging deportability, and arrest warrant have been issued. Magistrate Judge Katz, who issued a Report and Recommendation in this matter, concluded that the Court had jurisdiction to hear this habeas petition because Severino is effectively in the custody of the INS. Magistrate Judge Katz further concluded, however, that the INS is not required to set a bond for Severino because Severino is not in the actual, physical custody of the INS. Accordingly, Magistrate Judge Katz recommended that the writ be denied and that the petition be dismissed with prejudice. For the reasons stated at oral argument on November 6, 1991, and set out below, the Magistrate Judge's recommendation is accepted as modified herein.

## FACTS

Petitioner Victor Severino ("Severino"), a native of the Dominican Republic, has been a lawful resident of the United States since 1970. In January 1990, Severino pled guilty in New York Supreme Court to criminal possession of a controlled substance in the third degree, and was sentenced to a term of imprisonment between two and six years. (Report at 1). In November 1990, the INS, which had been notified of Severino's conviction, issued an Immigration Detainer–Notice of Action indicating that it was investigating whether Severino was subject to deportation. The INS "Detainer–Notice of Action" requested that the state prison superintendent accept the detainer for notification purposes only and did not otherwise seek to limit the state's discretion regarding petitioner's custody. The detainer further requested the superintendent of the correctional facility where Severino is incarcerated to notify the INS thirty (30) days prior to his release. (*Id.* at 2).

Pursuant to 8 U.S.C. § 1251(a)(2)(B), which provides for deportation of any alien convicted of violating any law or regulation relating to a controlled substance, on December 18, 1990, the INS issued an admin- istrative order to show cause why Severino should not be deported. On that same date, the INS issued a warrant for Severino's arrest under 8 U.S.C. § 1252. (*Id.*). The arrest warrant was lodged with the state authorities but was not served on petitioner.

For several months prior to the INS' action, Severino was enrolled in a work-release program, the terms of which allowed him to work full-time outside of prison and to sleep at home four nights a week. After the INS notified prison officials of its order to show cause and arrest warrant, Severino's participation in the work-release program was revoked. Severino filed this habeas petition on May 6, 1991, seeking an order requiring respondent to (1) set a bond pursuant to 8 U.S.C. § 1252(a); (2) commence deportation proceedings pursuant to 8 U.S.C. §§ 1252(a) and (d); and (3) remove the immigration detainer lodged with the Department of Corrections. (*Id.* at 3).

## DISCUSSION

The petition must be dismissed because the Court lacks jurisdiction to entertain Severino's request, pursuant to 28 U.S.C. § 2241 and 8 U.S.C. § 1252(a) and (d). "Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." *Campillo v. Sullivan,* 853 F.2d 593, 595 (8th Cir.1988), *cert. denied,* 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989). As discussed in the "custody" portion of Magistrate Judge Katz' Report and Recommendation, the concept of "custody" within the context of the habeas corpus statute has been expanded beyond physical custody alone. *See Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Frazier v. Wilkinson,* 842 F.2d 42, 45 (2d Cir.), *cert. denied,* 488 U.S. 842, 109 S.Ct. 114, 102 L.Ed.2d 88 (1988); *Vargas v. Swan,* 854 F.2d 1028, 1031 (7th Cir.1988). However, the mere filing of an INS detainer notice fails to establish the requisite custody under the habeas corpus statute.

The fact that an unexecuted arrest warrant and administrative Order to Show Cause were also served upon Severino does not establish INS custody either. *See Moody v. Daggett,* 429 U.S. 78, 89, 97 S.Ct. 274, 279, 50 L.Ed.2d 236 (1976) (filing of parole violation warrant which was not served upon defendant was treated as administrative detainer notice). The plain language of Section 1252 providing for an alien to be "arrested and taken into custody," "be released under bond," and "be released on conditional parole," § 1252(a)(1)(A), (B), (C), clearly contemplates "physical" custody. Similarly, § 1252(a)(2)(A) contains language that the Attorney General "shall take into custody any alien convicted of an aggravated felony upon release of the alien ... the Attorney General shall not release such felon from custody." Finally, § 1252(a)(2)(B) directs that the "Attorney General shall release from custody an alien who is lawfully admitted for permanent residence ... if ... the alien is not a threat to the community and ... is likely to appear before any scheduled hearings."

The clear import of § 1252 is "physical custody" of the alien by INS. Thus, the mere "filing of a detainer with prison officials" does not amount to "taking into custody, technical or otherwise." *Campillo v. Sullivan, supra,* 853 F.2d at 596. As a result, the Court does not adopt Magistrate Judge Katz' recommendation that Severino is deemed to be in the INS custody for purposes of habeas corpus jurisdiction. (Report at 4–11).

Courts in this Circuit which have considered the issue have held that "physical" custody rather than any technical custody by operation of a detainer is essential to establish habeas corpus jurisdiction pursuant to 28 U.S.C. § 2254. *Garcia v. McClellan,* 1991 WL 90755 (S.D.N.Y.1991); *Fernandez–Collado v. INS,* 644 F.Supp. 741, 743–44 (D.Conn.1986), *aff'd,* 857 F.2d 1461 (2d Cir.1987). *See also D'Ambrosio v. INS,* 710 F.Supp. 269, 271 (N.D.Cal.1989). Because petitioner has not yet been taken into INS custody pursuant to a warrant of arrest or by operation of a detainer, neither 28 U.S.C. § 2241 nor 8 U.S.C. § 1252 is available to support the writ. The writ is denied and the Clerk of the Court is directed to enter judgment dismissing the petition with prejudice.

SO ORDERED.