Domingo Antonio CRUZ, Plaintiff,

v.

Daniel MOLERIO, Acting Assistant District Director for Investigations, U.S. Immigration and Naturalization Service, Defendant.

No. 92 Civ. 7367 (PNL).

United States District Court,
S.D. New York.

Jan. 12, 1994.

**304**

Domingo Antonio Cruz, pro se.

Mary Jo White, U.S. Atty. for the S.D.N.Y., New York City, F. James Loprest, Sp. Asst. U.S. Atty., for defendant.

### OPINION AND ORDER

LEVAL, Circuit Judge.[1]

This is an action brought by a permanent resident alien currently incarcerated in the Fishkill Correctional Facility, a New York State prison, seeking declaratory and injunctive relief in response to an Order to Show Cause and Notice of Hearing, and Arrest Warrant (hereinafter referred to as the order and warrant), issued by the Immigration and Naturalization Service (INS) on January 29, 1991. He also seeks to compel the INS to begin deportation proceedings so that a determination of custody or bond may be made. The INS moves to dismiss.[2]

As I read his papers, plaintiff makes essentially two claims: that the INS abused its discretion in issuing the order and Warrant and should thus be ordered to withdraw them; and that he has a statutory right to a prompt hearing on the Order to Show Cause so that a bail or custody determination can be made.

#### 1. Declaratory and injunctive relief from the Order and Warrant

##### A. Abuse of INS discretion

■ Plaintiff offers no support whatever for his contention that the INS abused its

discretion by issuing the Order and Warrant. Plaintiff's conviction on a controlled substance charge made him eligible for deportation, 8 U.S.C.A. § 1251(a)(2)(B)(i) (1993), and a deportation proceeding is begun by issuance of an order to show cause, 8 C.F.R. § 242.1. Plaintiff claims eligibility for certain waivers of deportability. These defenses cannot be the basis for an injunction against the deportation proceedings; they must be made when a deportation hearing is held.

##### B. Impact on work release status

■ It appears that the lodging of the Immigration Service's Order and Warrant, as a detainer at the Fishkill Correctional Facility prevents plaintiff's participation in a work release program. He further contends that if an immigration hearing was held and a bond determination made, he would be eligible for work release. The adverse consequences of the INS detainer do not result from any illegality of action taken by the INS, but rather from a decision by New York State officials for which the INS, as sole defendant here, cannot be held responsible. See Paulino v. Connery, 766 F.Supp. 209, 211 (S.D.N.Y.1991) (INS not liable for consequences of detainer on work release eligibility); Isaraphanich v. Coughlin, 716 F.Supp. 119, 121 (S.D.N.Y.1989) (approving INS detainer as rational basis for state's decision to deny participation in temporary release programs). The INS has every right to issue its warrant to insure its ability to proceed to deport plaintiff and bears no liability by reason of New York's decision to impose restrictions on plaintiff's prison privileges by reason of the warrant.

Defendant's motion to dismiss plaintiff's claims for declaratory and injunctive relief pertaining to the Order and Warrant must be granted.

#### 2. Order directing INS to begin deportation proceedings

Plaintiff also seeks an order that the INS begin deportation proceedings. He claims

---

1. Sitting by designation.

2. On January 9, 1993, the INS moved to dismiss plaintiff's complaint. Plaintiff filed no opposition to this motion. I entered an order October

1, 1993, stating that if plaintiff did not file opposition papers within 30 days, the motion would be decided based on the INS's papers alone. Plaintiff did not respond to this order.

that his situation is analogous to that of an alien arrested without a warrant, and that because 8 C.F.R. § 287.3 guarantees aliens arrested without a warrant a determination of custody or bail within 24 hours, he is similarly entitled. The INS objects to this argument on several grounds: first, that the claim is moot because the INS began deportation proceedings against plaintiff on August 10, 1992 (Tobin Decl. ¶ 3); second, that the court has no jurisdiction to consider plaintiff's claim for an INS custody determination because he is not in the INS's custody; and third, that plaintiff has no right to compel a deportation hearing to be held or expedited.

### A. *Mootness*

Plaintiff specifically asks that the court order the INS director to "commence" deportation proceedings, (Pl. Brief at 3), and presents no evidence to contradict the declaration of Patricia Tobin that an initial deportation hearing was held August 10, 1992.[3] Although it appears correct that plaintiff is asking for something that has already occurred, what plaintiff is really seeking is the resolution of these proceedings. I accordingly decline to dismiss the complaint as moot.

### B. *Jurisdiction*

■ The INS suggests that the court does not have jurisdiction over plaintiff's claim because he is not in the custody of the INS. While many cases have held that the lodging of a detainer does not effectuate INS "custody" for the purpose of federal court jurisdiction over a *habeas* petition, *see, e.g., Prieto v. Gluch,* 913 F.2d 1159, 1162–63 (6th Cir.1990), *cert. denied,* 498 U.S. 1092, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991); *Orozco v. INS,* 911 F.2d 539, 541 (11th Cir.1990); *Campillo v. Sullivan,* 853 F.2d 593, 595 (8th Cir.1988), *cert. denied,* 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989); *see also Roldan v. Racette,* 984 F.2d 85, 88 (2nd Cir.1993) (refer-

ring to this view in dicta as "the clear majority view"), these holdings are irrelevant here because plaintiff has not brought a habeas petition. The nature of a writ of habeas corpus generally requires that it can be issued only to the person or agency who has custody of the petitioner, *see* 28 U.S.C. § 2243 (writ "shall be directed to the person having custody of the person detained"). But there is no need for a plaintiff seeking injunctive relief against agency action to be in the custody of the agency. The court does not lack jurisdiction.

### C. *Failure to state cause of action*

■ The INS contends that plaintiff states no claim, because he has no right to compel the INS to initiate or expedite a deportation hearing.

Plaintiff grounds his claim in the provision of 8 C.F.R. § 287.3. This regulation provides that aliens who are arrested under the authority of the INS without a warrant will receive a determination of bond or custody within 24 hours of arrest. Plaintiff claims that the issuance of the Order and Warrant "constitutes a technical arrest without a warrant," and that he is thus entitled to the same determination within 24 hours. (Pl. Br. at 6, ¶ 4.)

■ Plaintiff's claim that 8 C.F.R. § 287.3 should apply to him is groundless. That section clearly refers to an arrested person in INS custody whose physical freedom relies on the bail or custody determination.[4] Plaintiff is in an entirely different situation. He is in the custody of the State of New York because of a criminal conviction unrelated to any INS proceeding. The INS action against him has no impact on his freedom; thus there is no necessity for an immediate hearing to determine whether he will

---

**3.** Indeed, the INS argues that deportation proceedings were commenced by the filing of the Order to Show Cause. (Def.Mem. at 2.)

**4.** An alien arrested without a warrant of arrest under the authority ... of the Immigration and Nationality Act shall be examined as therein provided.... advised of the reason for his/her arrest and the right to be represented by counsel of his/her choice.... [and] advised ... that a decision will be made within 24 hours as to

whether he/she will be continued in custody or released on bond or recognizance.... [T]he alien's case shall be presented promptly, and in any event within 24 hours, for a determination as to whether there is prima facie evidence that the arrested alien is in the United States in violation of law and for issuance of an order to show cause and warrant of arrest as prescribed in part 242 of this chapter.

8 C.F.R. § 287.3

be freed on bond or kept in custody. *Cf. Severino v. Thornburgh,* 778 F.Supp. 5, 7 (S.D.N.Y.1991) (statute contemplating physical custody not applicable to person in technical custody).[5] Thus, even if 8 C.F.R. § 287.3 implicitly confers a private cause of action, *see Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), plaintiff is outside the class of people such a cause of action could benefit.[6] The Government's motion to dismiss the complaint for failure to state a claim must be granted.

*Conclusion*

The Government's motion to dismiss the complaint is granted.

SO ORDERED.

---

**5.** It may even be that the INS is powerless to make any custody determination about him until his prison term is over. *See* 8 U.S.C. § 1252(h) (deportation cannot take place until release of sentenced prisoner from confinement); *Fernandez–Collado v. INS,* 644 F.Supp. 741, 744 (D.Conn.1986) ("the INS has absolutely no occasion to consider release or custody of [an alien] until after his release from his current confinement").

**6.** Ruling on a related issue, many courts have held that 8 U.S.C. § 1252(i), which requires the Attorney General to "begin any deportation proceeding as expeditiously as possible after the date of conviction," does not create a private cause of action for aliens who wish to expedite their deportation proceedings. *E.g. Aguirre v. Meese,* 930 F.2d 1292, 1293 (7th Cir.1991); *Prieto v. Gluch,* 913 F.2d 1159, 1165–66 (6th Cir.1990). However, the Second Circuit has not yet determined whether § 1252(i) affords such a right of action. *Rodriguez v. U.S.,* 994 F.2d 110, 111 (2d Cir. 1993).