Mervin THOMPSON, Plaintiff,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Defendant.

No. 96–CV–6237L.

United States District Court, W.D. New York.

Oct. 9, 1996.

*DECISION AND ORDER*

LARIMER, Chief Judge.

Petitioner, Mervin Thompson ("Thompson"), currently in custody at the Federal Correctional Institution at Raybrook, New York, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Thompson seeks an order from this Court, directing respondent, the United States Immigration and Naturalization Service ("INS"), to withdraw the immigration detainer currently filed against him.

Pending before me are INS's motion to dismiss for lack of jurisdiction[1] and Thompson's motion for summary judgment.

---

1. In an order of this Court (Elfvin, J.), filed June 4, 1996, INS was required to file an answer no later than July 15, 1996 or move to dismiss within thirty days from the date the order was

## FACTUAL BACKGROUND

Thompson is a native and citizen of Jamaica. He entered the United States on March 3, 1978 as a lawful permanent resident alien.

On December 22, 1994, Thompson was convicted in United States District Court for the Western District of New York of armed bank robbery. He was sentenced to a term of forty-eight months imprisonment, in the custody of the United States Bureau of Prisons, and INS was so notified.

The INS also received information that Thompson had been convicted of grand larceny in the fourth degree on September 24, 1993 in Monroe County Court. If, in fact, Thompson was convicted of this offense, in addition to his federal armed robbery offense, he would be subject to deportation from the United States.

On February 14, 1995, INS filed a detainer with the Bureau of Prisons, indicating that it had commenced an investigation to determine whether Thompson was deportable.

Thompson filed the instant habeas corpus petition, seeking relief from the INS detainer currently lodged against him.

INS moves to dismiss the petition on the ground that this Court does not have jurisdiction. Thompson moves for summary judgment.

## DISCUSSION

■ In order for this Court to have jurisdiction over Thompson's habeas claims, Thompson must be in the custody of INS. 28 U.S.C. § 2241(c); *Dearmas v. Immigration and Naturalization Serv.*, No. 92 Civ. 8615 (PKL), 1993 WL 213031, at *2 (S.D.N.Y. June 15, 1993); *Severino v. Thornburgh*, 778 F.Supp. 5, 6 (S.D.N.Y.1991). Consequently, resolution of this motion turns on the narrow issue of whether the filing of an INS detainer causes a sentenced offender to be "in the custody of the INS."

In *Roldan v. Racette*, 984 F.2d 85 (2d Cir.1993), the Second Circuit acknowledged that "the clear majority view" is "that an INS detainer constitutes (1) a notice that future INS custody will be sought at the conclusion of a prisoner's pending confinement by another jurisdiction, and (2) a request for prior notice regarding the termination of that confinement, and thus does not result in present confinement by the INS." *Id.* at 88; *see, e.g., Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir.1990) (The INS detainer does not establish custody by INS for purposes of habeas corpus jurisdiction), *cert. denied*, 498 U.S. 1092, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991); *Orozco v. Immigration and Naturalization Serv.*, 911 F.2d 539, 541 (11th Cir.1990) ("The filing of the detainer, standing alone, did not cause [petitioner] to come within the custody of the INS. Accordingly, the petitioner failed to demonstrate that he was entitled to proceed under section 2241."); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir.1988) ("The filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus."), *cert. denied*, 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989).

Due to a procedural defect in the petitioner's appeal in *Roldan*, the Second Circuit, however, did not rule on the substantive issue concerning "custody."

Although the Second Circuit has not yet ruled on this issue, the "district courts in this Circuit have adopted the majority view and found that the mere filing of an INS detainer notice does not satisfy the 'in custody' re-

---

filed. Therefore, INS's motion to dismiss was due on or before July 8, 1996. (The motion originally was due on July 4, 1996. However, the Clerk's Office was closed on both Thursday, July 4 and Friday, July 5 in observance of the Fourth of July holiday. Accordingly, the motion was due the following Monday, July 8th.) INS, however, did not file its motion to dismiss until July 15, 1996—the date upon which an answer was due. Thompson requests that this Court not consider the untimely filing.

Because there may have been some confusion in this Court's order as to the date on which the motion to dismiss was to be filed, and because it would not be in the interest of judicial economy to dismiss the motion at this time, I will treat the motion as timely filed and decide it on the merits. *Donahue v. Pendleton Woolen Mills, Inc.*, 719 F.Supp. 149 (S.D.N.Y.1988); *Thorn v. New York City Dep't of Social Servs.*, 523 F.Supp. 1193 (S.D.N.Y.1981).

quirement for habeas jurisdiction." *Dearmas,* 1993 WL 213031, at *3 (citing *Severino v. Thornburgh,* 778 F.Supp. 5, 7 (S.D.N.Y. 1991); *Paulino v. Connery,* 766 F.Supp. 209, 211–12 (S.D.N.Y.1991); *Garcia v. McClellan,* 91 Civ. 3225 (RWS), 1991 WL 90755, at *1 (S.D.N.Y.1991); *Fernandez–Collado v. Immigration and Naturalization Serv.,* 644 F.Supp. 741, 743–44 (D.Conn.1986), *aff'd mem.,* 857 F.2d 1461 (2d Cir.1987)); *see also Castronova v. United States,* 94–CV–606S, 1995 WL 604327 (W.D.N.Y. August 29, 1995); *Saywack v. Attorney General,* 91 Civ. 7797 (PNL), 1993 WL 205121 (S.D.N.Y. June 9, 1993); *Hechavarria–Castellano v. Immigration and Naturalization Serv.,* Civ. No. H–84–498 (JAC), 1985 WL 6439 (D.Conn. April 12, 1985).

I agree with the district courts in this Circuit that the mere filing of a detainer by INS fails to establish the requisite "custody" for purposes of habeas corpus jurisdiction. Currently, Thompson is in the custody of the United States Bureau of Prisons. Once Thompson has served his present term of confinement and is then placed in the custody of INS, he will be able to challenge the detainer by way of a habeas corpus proceeding.

### CONCLUSION

Accordingly, Thompson's petition for a writ of habeas corpus is dismissed for lack of jurisdiction. Thompson's motion for summary judgment is denied.

Further, because the issues raised in the petition are not the type that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, this Court concludes that the petition presents no federal question of substance worthy of attention from the Court of Appeals and, therefore, pursuant to 28 U.S.C. § 2253 and Fed.R.App.P. 22(b), this Court denies a certificate of probable cause. Finally, because it appears that any appeal would not be taken in good faith, leave to appeal in forma pauperis will be denied.

IT IS SO ORDERED.