Melvin P. DEUTSCH, Plaintiff,

v.

UNITED STATES of America, United States Immigration and Naturalization Service, a/k/a "INS" John Doe, Assistant District Director for Investigations, INS, Buffalo, New York, Elizabeth Vaccaro, Clerk, INS, Buffalo, New York Office and Federal Bureau of Prisons, aka "BOP", Defendants.

No. 95–CV–6542L.

United States District Court,
W.D. New York.

Nov. 7, 1996.

Melvin P. Deutsch, plaintiff pro se.

James W. Grable, Special Assistant U.S. Attorney, Immigration & Naturalization Service, Buffalo, NY, for defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

Petitioner, Melvin P. Deutsch ("Deutsch"), currently in custody at the Federal Correctional Institution at Loretto, Pennsylvania, filed a *pro se* petition for a writ of habeas corpus and a writ of mandamus on November 1, 1995.

Deutsch seeks an order from this Court, directing respondent, the United States Immigration and Naturalization Service ("INS"),[1] to dismiss the immigration charges and the immigration warrant and detainer lodged against him. Deutsch also seeks an order from this Court, directing the respondent, Federal Bureau of Prisons ("BOP"), to release him from custody before Saturday, October 7, 1995.[2]

Pending before me is respondents' motion to dismiss for lack of jurisdiction.[3]

### FACTUAL BACKGROUND

INS maintains that Deutsch was born in Montreal on December 28, 1936 and, therefore, is a native and citizen of Canada. According to INS, Deutsch was registered as an alien on June 5, 1945 and has never acquired lawful permanent resident alien status or citizenship in the United States.

Deutsch claims to the contrary that he was born in Brooklyn, New York on August 24, 1934 and that he has a birth certificate evidencing this fact. Deutsch maintains that he has never registered as an alien and is a United States citizen by birth.[4]

On July 8, 1988, Deutsch was convicted in United States District Court for the Eastern District of New York of conspiracy to commit wire fraud. He was sentenced to three years imprisonment in the custody of the BOP and five years probation.

On June 5, 1992, Deutsch was convicted in United States District Court for the Eastern District of New York of unauthorized use of an access device. He was sentenced to sixty-three months imprisonment in the custody of the BOP. This sentence was later reduced to fifty-one months. Deutsch had a projected release date from BOP custody on October 7, 1995.[5]

On February 10, 1995, Deutsch was convicted of violating the terms of probation that were imposed as part of his 1988 sentence. As a result, he was sentenced to a term of fifty-six months imprisonment in the custody of the BOP to run consecutive to his fifty-one month sentence. Deutsch currently is serving this fifty-six month sentence and has a parole eligibility date of May 8, 1997.

---

1. As used throughout this decision, "INS" includes the following named defendants: United States of America; United States Immigration and Naturalization Service, a/k/a "INS"; Joe Doe, Assistant District Director for Investigations, INS, Buffalo, New York; and Elizabeth Vaccaro, Clerk, INS, Buffalo, New York Office.

2. Because that date has come and gone (in fact, even before the filing of the instant petition), I construe Deutsch's request as one for immediate release.

3. By an order of this Court (Elfvin, J.), filed November 28, 1995, respondents were required to file their motion to dismiss within 30 days. Respondents' motion, however, was not filed until January 12, 1996. Deutsch requests that this Court not consider the untimely filing.

   I have reviewed the file, and it appears that in a letter to Judge Elfin, dated December 22, 1995, respondents requested an extension until January 12, 1996. Judge Elfvin approved this request. However, the letter was not filed until recently.

Based on the foregoing, I find that the motion was timely filed and will consider it on its merits.

4. In an action against petitioner, entitled *United States v. Deutsch*, 91–CR–573 (E.D.N.Y.), petitioner's cousin, Melvin Deutsch, testified that petitioner had used his cousin's name, birth date, place of birth, and social security number in order to fraudulently claim United States citizenship. In connection with that action, there also was evidence presented that petitioner was a Canadian citizen by birth.

   Petitioner contests these facts, arguing that he does not have a cousin by the name of Melvin Deutsch and that the individual who testified was actually Wallace Waldman, a man of very distant relations who assumed petitioner's identity nearly 40 years ago in order to avoid criminal prosecution for rape. Petitioner maintains that Waldman obtained a copy of petitioner's birth certificate, had plastic surgery, and then assumed petitioner's identity in the 1950s.

5. This date was later changed to October 19, 1995, due to a disallowance of 14 days good-time credits.

According to INS, Deutsch is deportable from the United States not only because he is an alien without lawful status, but also because of his criminal convictions.

In June 1993, INS filed an immigration detainer against Deutsch with the BOP. Deutsch contacted INS and BOP to request a hearing, but received no response. On November 28, 1994, INS issued an order to show cause and a warrant of arrest to commence deportation proceedings against Deutsch.

Deutsch maintains that he responded to the order to show cause—a response which he considers to constitute a plea of not guilty—and sent all parties notice that such a plea triggered his rights under the Speedy Trial Act and the Interstate Agreement on Detainers. Because INS has not complied with these rights and provided Deutsch with the requisite timely trial or hearing, Deutsch maintains that all immigration charges and the warrant and detainer must be dismissed with prejudice.

Deutsch also claims that he has completed his mandated period of incarceration and should be released from BOP custody. Further, Deutsch maintains that BOP has information in its possession which proves that Deutsch is not an alien. However, because the warrant and detainer are lodged against him, Deutsch alleges that he is being subjected to enhanced security measures. If immediate release is not granted, Deutsch seeks relief from these enhanced security measures so that he may be placed in the BOP's Community Correction Center Program.

## DISCUSSION

Deutsch maintains that this Court has jurisdiction over his habeas corpus and mandamus claims because the warrant of arrest and the order to show cause were issued by the INS Office in Buffalo. Respondents move to dismiss for lack of jurisdiction.[6]

---

**6.** Throughout his papers, Deutsch frequently claims that he was denied access to his legal papers, documents, case law, statutes, etc. due to his recent transfer and was required to draft the 52 pages of his submissions solely from memory.

I find this assertion somewhat incredible given the fact that Deutsch has quoted without error statutes and has recited properly the facts and

## I. *Claims Against the Immigration and Naturalization Service*

Deutsch seeks either a writ of habeas corpus or a writ of mandamus, directing INS to dismiss the immigration charges and the immigration warrant and detainer lodged against him on the ground that INS has violated his "speedy trial" rights.

### A. *Writ of Habeas Corpus*

■ "The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment." *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir.1988), *cert. denied*, 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989). A court has jurisdiction to issue a writ of habeas corpus if the petitioner is in the custody of the authority against whom relief is sought. *Id.*

■ In order for this Court to have jurisdiction over Deutsch's habeas claims, Deutsch must be in the custody of INS. 28 U.S.C. § 2241(c); *Dearmas v. Immigration and Naturalization Serv.*, No. 92 Civ. 8615 (PKL), 1993 WL 213031, at *2 (S.D.N.Y. June 15, 1993); *Severino v. Thornburgh*, 778 F.Supp. 5, 6 (S.D.N.Y.1991).

■ Courts in this Circuit uniformly have held that the mere filing of an INS detainer fails to satisfy the "in custody" requirement for habeas corpus jurisdiction. *Dearmas*, 1993 WL 213031, at *3 (citing *Severino v. Thornburgh*, 778 F.Supp. 5, 7 (S.D.N.Y.1991); *Paulino v. Connery*, 766 F.Supp. 209, 211–12 (S.D.N.Y.1991); *Garcia v. McClellan*, 91 Civ. 3225 (RWS), 1991 WL 90755, at *1 (S.D.N.Y. 1991); *Fernandez–Collado v. Immigration and Naturalization Serv.*, 644 F.Supp. 741, 743–44 (D.Conn.1986), *aff'd mem.*, 857 F.2d 1461 (2d Cir.1987)); *see also Castronova v. United States Parole Comm'n*, 94–CV–606S, 1995 WL 604327 (W.D.N.Y. August 29, 1995);

---

holdings of numerous cases. However, if, indeed, it is true that Deutsch was denied these materials in preparing his submissions, I commend his memory and find that in no way was he prejudiced by such a denial. He adequately and thoroughly responded to INS and BOP's arguments.

*Saywack v. Attorney General,* 91 Civ. 7797 (PNL), 1993 WL 205121 (S.D.N.Y. June 9, 1993); *Hechavarria–Castellano v. Immigration and Naturalization Serv.,* Civ. No. H–84–498 (JAC), 1985 WL 6439 (D.Conn. April 12, 1985).

■ Deutsch attempts to distinguish this line of authority by arguing that the INS has done more than merely file an INS detainer against him; they also have issued an order to show cause and a warrant of arrest. Deutsch maintains that it is this combination of a detainer, order to show cause, and warrant of arrest that brings him within the custody of the INS for purposes of habeas corpus jurisdiction.

Deutsch's argument, however, is not supported by the case law in this Circuit. Courts have found that even when a detainer, an order to show cause, and an arrest warrant have been issued, the inmate remains in the custody of the correctional institution until such time as he has completed his current sentence and is taken into physical custody by the INS. *See Roldan v. Racette,* 984 F.2d 85, 86–88 (2d Cir.1993) [7]; *Cruz v. Molerio,* 840 F.Supp. 303, 304–05 (S.D.N.Y.1994); *Severino v. Thornburgh,* 778 F.Supp. 5, 7 (S.D.N.Y.1991).

Although a detainer, order to show cause, and an arrest warrant have been issued against Deutsch, he remains in the custody of the BOP until the completion of his current fifty-six month sentence. At that point, he will be taken into custody by the INS. Because Deutsch is not currently in INS custody, his claim for habeas corpus relief against the INS is dismissed for lack of jurisdiction.

### B. *Writ of Mandamus*

The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any

agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

The Second Circuit has held that a writ of mandamus may issue only when there is: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the defendant's part to do the act in question; and (3) lack of another available, adequate remedy." *Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 946 (2d Cir. 1976).

■ Deutsch seeks a writ of mandamus, directing the INS to dismiss the immigration charges and the immigration warrant and detainer lodged against him on the ground that the INS has not complied with his rights under the Speedy Trial Act, 18 U.S.C. § 3161, and the Interstate Agreement on Detainers, 18 U.S.C. app. Art. III(a).[8]

■ Although this Court has jurisdiction over Deutsch's mandamus claims, he fails to state a claim upon which relief can be granted. Deutsch simply has no right to a speedy deportation hearing and the INS is under no duty to afford him one. It is well settled that the INS' failure to provide an inmate a speedy deportation hearing does not implicate his Sixth Amendment rights, and, therefore, the provisions of the Speedy Trial Act and the Interstate Agreement on Detainers do not apply. *United States v. Cepeda–Luna,* 989 F.2d 353 (9th Cir.1993); *United States v. Gonzalez–Mendoza,* 985 F.2d 1014 (9th Cir.1993); *Argiz v. United States Immigration,* 704 F.2d 384 (7th Cir.1983).

Accordingly, Deutsch's writ of mandamus claim against the INS is dismissed.

### II. *Claims Against the Bureau of Prisons*

■ Deutsch seeks either a writ of habeas corpus or a writ of mandamus, directing the BOP to release him from custody immediate-

---

7. The Second Circuit dismissed the appeal of this decision for lack of subject matter jurisdiction.

8. There has been some suggestion in the parties' submissions that Deutsch is seeking a writ of mandamus compelling the INS to provide him with an expedited deportation hearing pursuant to 8 U.S.C. § 1252(i). I do not construe Deutsch's petition to request such relief. How-

ever, even if it did, Deutsch has already requested and been denied this relief from another court on the ground that § 1252(i) does not give rise to a private cause of action. *Deutsch v. Tippy,* 93–CV–1473, 1995 WL 236247 (N.D.N.Y. April 18, 1995), *aff'd,* 1996 WL 18630 (2d Cir. January 16, 1996).

ly or at a minimum to reinstate his eligibility for certain prison programs.

I find that Deutsch fails to state a claim for either habeas corpus or mandamus relief. Deutsch originally had a release date from prison of October 7, 1995.[9] This date was established, however, before he was convicted in February 1995 on related charges and sentenced to an additional fifty-six months in prison to run consecutive to his existing sentence. Deutsch is currently serving this fifty-six month sentence—a lawful term of imprisonment—and now has a projected release date of May 8, 1997. Accordingly, Deutsch's claims for habeas corpus and mandamus relief against BOP, granting him immediate release, are dismissed.

■ Deutsch claims further that because the warrant and detainer are lodged against him, he is being subject to tougher security measures and is not entitled to participate in the Community Correction Center Program. BOP's denial of participation in no way violates Deutsch's constitutional rights. "[A]s a general rule a prisoner does not hold a protected interest in such programs." *Castronova v. United States Parole Comm'n,* 94–CV–606S, 1995 WL 604327, at *6 (W.D.N.Y. August 29, 1995). The Supreme Court has specifically determined that "prisoners do not have constitutional rights to particular classifications or to eligibility for rehabilitative programs." *Ortiz v. Immigration and Naturalization Service,* C–93–0089–SBA, 1993 WL 102831, at *2 (N.D.Cal. March 22, 1993) (citing *Moody v. Daggett,* 429 U.S. 78, 86–87, 88 n. 9, 97 S.Ct. 274, 278–79, 279 n. 9, 50 L.Ed.2d 236 (1976); *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538–39, 49 L.Ed.2d 451 (1976)). Further, there is "no statute or regulation which prevents the BOP from considering INS detainers in assigning security levels." *Id.*

Accordingly, Deutsch fails to state a claim for habeas corpus or mandamus relief from the enhanced security measures imposed on him by the BOP.

9. *See supra* note 4.

## CONCLUSION

For the foregoing reasons, Deutsch's petition for a writ of mandamus and a writ of habeas corpus is denied. Further, because the issues raised in the petition are not the type that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, this Court concludes that the petition presents no federal question of substance worthy of attention from the Court of Appeals and, therefore, pursuant to 28 U.S.C. § 2253 and Fed. R.App.P. 22(b), this Court denies a certificate of probable cause. Finally, because it appears that any appeal would not be taken in good faith, leave to appeal in forma pauperis will be denied.

IT IS SO ORDERED.