Andrew GISSENDANNER, Petitioner,

v.

Frederick MENIFEE, Warden, FPC
Allenwood, Montgomery, Penn-
sylvania, Respondent.

No. 97–CV–6236T.

United States District Court,
W.D. New York.

Aug. 27, 1997.

William Clauss, Fed. Public Defender,
Rochester, NY, for Petitioner.

Christopher V. Taffe, U.S. Atty. Office,
Rochester, NY, for Respondent.

## DECISION and ORDER

TELESCA, District Judge.

### BACKGROUND

Petitioner, Andrew Gissendanner, petitions this Court for a writ of mandamus compelling the respondent, Frederick Menifee (Warden of FPC Allenwood), to consider the petitioner for the opportunity to participate in the Intensive Confinement Center ("ICC") program offered by the Bureau of Prisons ("BOP").

On May 18, 1994, pursuant to a plea agreement, petitioner pled guilty to two offenses: (1) possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), as well as (2) engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957(a). Pursuant to the Sentencing Guidelines (§ 2D1.1(b)(1)), Mr. Gissendanner received a two-level increase of his base-level offense for the specific offense characteristic of possession of a firearm. Apparently, a search of his residence had uncovered several weapons, including two (2) sawed-off shotguns.

The government moved this Court for a 5K1.1 downward departure based on Mr. Gissendanner's substantial cooperation with the government. On June 21, 1995, this Court granted the government's motion and sentenced Mr. Gissendanner to the agreed-upon minimum term of incarceration, fifty-four months, as well as four years of supervised release. At the time of sentencing, the Court strongly recommended that Mr. Gissendanner be placed in a facility as close to Rochester as possible and that the BOP consider him for the ICC program when he became eligible for transfer to it.

Mr. Gissendanner is currently serving his sentence at FPC Allenwood. He requested the BOP to allow him to participate in the ICC program, but his request has been denied. The BOP (in a letter to the Court, dated March 20, 1997), explains that Mr. Gissendanner is not eligible for the ICC program, pursuant to BOP policy, because his offense is designated as a "crime of violence" due to the multiple weapons seized from his residence as part of his overall offense behavior. The BOP policy, however, does not preclude Mr. Gissendanner's placement in a minimum security Federal Prison Camp, but that program does not involve any community-based placement or sentence reduction (the major advantages of the ICC program).

### DISCUSSION

The Mandamus Act, 28 U.S.C. § 1361, vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The Second Circuit has held that a writ of mandamus may issue only when there is: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the defendant's part to do the act in question; and (3) lack of another available, adequate remedy." *Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 946 (2d Cir. 1976).

Although this Court has jurisdiction over petitioner's mandamus request, he has failed to satisfy any of the prerequisites set forth in *Billiteri.*

### I. Petitioner Has No "Clear Right" to Participate in ICC and BOP Has No Duty to Provide the Petitioner the Opportunity to Participate

■ Petitioner claims that denial of the opportunity to participate in the ICC program violates BOP Policy Statement No. 5390.07, the ICC program authorizing statute (18 U.S.C. § 4046), and the due process clause. However, none of these sources provide the plaintiff with any "clear right" to be considered for or to participate in the ICC program, nor do they impose any duty on the BOP to give him the opportunity to participate.

### A. BOP Policy Statement

■ The Legislature has granted exclusive authority to the Attorney General (and the BOP) to designate the place of confinement for federal prisoners. 18 U.S.C. § 3621; 18 U.S.C. § 4082. The BOP has "sole discretion" to determine the facility and

the treatment programs, if any, in which a federal prisoner should be placed. *U.S. v. Williams,* 65 F.3d 301, 307 (2nd Cir.1995).

▮ Efforts of the BOP to establish specific guidelines for classification of prisoners by issuing Policy Statements place no substantive limits on official discretion. In fact, the BOP's discretion in making classification decisions is "virtually unfettered." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1470 (S.D.N.Y.1985). *See also, Persico v. Gunnell,* 560 F.Supp. 1128 (S.D.N.Y.1983) [Plaintiff failed to state a cause of action for denial of opportunity to participate in a prerelease program.] The BOP's Policy Statement No. 5390.07 places no substantive limits on the BOP's discretion in making placement decisions.

### B. ICC Program Authorizing Statute

The authorizing statute for the ICC program, 18 U.S.C. § 4046, does not provide the plaintiff with any "clear right," nor does it impose any non-discretionary duty on the respondent to consider the petitioner for the ICC program. The statute specifically provides that

> [t]he Bureau of Prisons may place in a shock incarceration program any person who is sentenced to a term of imprisonment of more than 12, but not more than 30, months, if such person consents to that placement. . . .

18 U.S.C. § 4046(a) (emphasis added).

Additionally, the implementing regulations provide that

> [p]lacement in the intensive confinement center program is to be made by Bureau staff in accordance with sound correctional judgment and the availability of Bureau resources.

28 C.F.R. § 524.31(b). Thus, consideration for the "shock incarceration boot camp" and its availability to any particular prisoner is within the BOP's sole discretion.

### C. Due Process Clause

▮ Finally, BOP's denial of participation in the ICC program does not violate the petitioner's constitutional due process rights. "[A]s a general rule, a prisoner does not hold

a protected interest in such programs." *Deutsch v. United States,* 943 F.Supp. 276 (W.D.N.Y.1996), *citing Castronova v. United States Parole Comm'n,* 1995 WL 604327 (W.D.N.Y.1995). In fact, the Supreme Court has held that "prisoners do not have constitutional rights to particular classifications or to eligibility for particular rehabilitative programs." *Deutsch, supra, citing Moody v. Daggett,* 429 U.S. 78, 86–87, 88 n. 9, 97 S.Ct. 274, 278–79, 279 n. 9, 50 L.Ed.2d 236 (1976).

### II. Petitioner Has Failed to Exhaust His Administrative Remedies

▮ Furthermore, an inmate is required to exhaust his administrative remedies with BOP before seeking relief from the courts, absent a showing that the administrative process would be futile. *See, Johnpoll v. Thornburgh,* 898 F.2d 849 (2nd. Cir.1990), *cert. den.* 498 U.S. 819, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990). Petitioner admits in his Petition that he has not yet exhausted his administrative remedies because he claims that to do so would be futile. However, petitioner provides no explanation to support his claim of futility. A mere conclusory allegation of futility is insufficient to excuse the petitioner from the requirement that he exhaust the remedies available to him through the BOP Administrative Remedy Procedure, 28 C.F.R. § 524.15.

### CONCLUSION

▮ The granting of a writ of mandamus is an "extraordinary remedy" that will issue only to compel the performance of a ministerial duty, not a discretionary act. *Gangi v. Attorney General of the United States,* 1994 WL 665027 (S.D.N.Y.1994), *citing Natural Resources Defense Council, Inc. v. Thomas,* 689 F.Supp. 246 (S.D.N.Y.1988), *aff'd,* 885 F.2d 1067 (2nd Cir.1989). Since consideration for the ICC program is within the BOP's sole discretion, it would be inappropriate for this Court to compel performance of that act through a writ of mandamus. Furthermore, petitioner has failed to exhaust his administrative remedies. Accordingly, petitioner's request for a writ of mandamus is denied.

Petitioner having sought a writ of mandamus, it is hereby:

ORDERED that the writ is denied and the petition is dismissed in its entirety.

ALL OF THE ABOVE IS SO ORDERED.