[DO NOT PUBLISH ]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2012
JOHN LEY
CLERK

No. 11-14390
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00031-MP-GRJ


DANIEL K. GARCIA,

                                                      Petitioner-Appellant,

                    versus

WARDEN,

                                                      Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 27, 2012)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Daniel K. Garcia, a pro se federal prisoner, appeals the September 8, 2011 order of the district court for the Northern District of Florida ("Northern District") denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. After review, we vacate the Northern District's September 8, 2011 order and remand with directions that the action be re-transferred back to the Southern District of Florida ("Southern District").

Garcia filed this § 2241 petition challenging his 1999 sentence. Garcia filed his § 2241 petition in the Southern District, the district where he is incarcerated. The Southern District did not reach the merits of Garcia's § 2241 petition. Instead, over Garcia's objection, the Southern District construed Garcia's § 2241 petition as a motion to vacate his sentence under 28 U.S.C. § 2255 and transferred the case to the Northern District, the district where Garcia originally was convicted and sentenced.

In the Northern District, a magistrate judge issued a report ("R&R") recommending that Garcia's petition be dismissed. Garcia filed an objection, arguing that his sentencing claim fell within the savings clause of 28 U.S.C. § 2255(e) and thus he was entitled to relief "by the appropriate jurisdictional forum."

The district court in the Northern District denied Garcia's § 2241 petition

with prejudice. The Northern District first noted that Garcia had demonstrated a clear intent to file his petition pursuant to § 2241 and that the case was improperly transferred to the Northern District. The Northern District determined, however, that re-transferring the case to the Southern District would be futile in light of this Court's ruling in Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (en banc). Instead, the Northern District, applying Gilbert, concluded that Garcia's particular sentencing claim did not fall within the savings clause, and thus Garcia could not challenge his sentence pursuant to § 2241.

On appeal, Garcia continues to insist that what he filed in the Southern District was a § 2241 petition and that the sentencing claim he raises falls within the savings clause. Given that Garcia has consistently maintained that he intends to bring a § 2241 petition, Garcia's § 2241 petition should not have been re-characterized by the Southern District as a § 2255 motion. See Wyatt v. United States, 574 F.3d 455, 460 (7th Cir. 2009) (explaining that courts "must respect a litigant's decision to invoke a certain statute"). Moreover, jurisdiction for § 2241 petitions lies only in the district of confinement, in this case the Southern District. See Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S. Ct. 2711, 2722 (2004); Fed R. App. P. 22. Therefore, Garcia's § 2241 petition should not have been transferred to the Northern District, and the Northern District did not have jurisdiction to

3

reach the merits of savings clause issue.

For these reasons, we vacate the September 8, 2011 order and judgment of the district court in the Northern District and remand to the Northern District with directions to re-transfer the action back to the Southern District. After re-transfer, the Southern District shall then address Garcia's § 2241 petition, shall not re-characterize the petition as a § 2255 motion, and shall determine whether the savings clause applies to Garcia's sentencing claim, see Gilbert, 643 F.3d 1293.

**VACATED AND REMANDED.**