Vaughn Juan JOHNSON, Petitioner,

v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,
Respondents.

Vaughn Juan Johnson, Petitioner,

v.

Immigration and Customs
Enforcement, et al.,
Respondents.

Civil Nos. 12–1665 (ADC),
12–1684(ADC).

United States District Court,
D. Puerto Rico.

Aug. 14, 2013.

Hector E. Guzman–Silva, Hector L. Ra-mos–Vega, Federal Public Defender's Of-fice, Hato Rey, PR, for Petitioners.

Anna E. Nelson, United States Depart-ment of Justice, Washington, DC, Jose M. Pizarro–Zayas, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Respondents.

## *OPINION AND ORDER*

AIDA M. DELGADO–COLÓN, Chief Judge.

On August 14, 2012, Vaughn Juan John-son ("Johnson") filed a motion for habeas corpus under 28 U.S.C. § 2241, challeng-ing his current conditions of confinement and his future confinement following the issuance of an immigration detainer against him by Immigration and Customs Enforcement ("ICE"). **ECF No. 1.**[1] John-

1. Johnson also filed a separate petition for   habeas corpus in the Middle District of Flori-

son's motion also contained his request for a declaration of United States citizenship under the Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to 8 U.S.C. § 1503(a) ("section 1503"). *Id.* Defendant filed numerous subsequent informative motions regarding the factual background and legal grounds for his requests. **ECF Nos. 6, 7, 9, 15, 18.** The Court referred the matter to Magistrate–Judge Bruce Mc-Giverin for entry of his Report and Recommendation. **ECF No. 16**

ICE and the Warden of the Metropolitan Detention Center ("MDC") in Guaynabo, Puerto Rico (collectively, "respondents") filed a motion to dismiss (**ECF No. 20**), which they amended and supplemented (**ECF No. 32**) following an evidentiary hearing before the Magistrate–Judge (**ECF No. 30**). Respondents argue that Johnson's request for habeas corpus should be denied for lack of jurisdiction because Johnson neither is in ICE custody currently nor has he exhausted his claims to United States citizenship. **ECF No. 32.** Johnson opposed the motion to dismiss, arguing that he is indeed "in custody" for purposes of habeas jurisdiction and that exhaustion requirements should not be applied to him. **ECF No. 38.**

In his Report and Recommendation ("R & R"), the Magistrate–Judge found that the Court lacked jurisdiction over Johnson's claim for a declaration of citizenship under section 1503 because he failed to exhaust his administrative options and that the Court lacked jurisdiction over Johnson's request for habeas as to his future custody by ICE because he is not in ICE custody at this time. **ECF No. 39.** Moreover, the Magistrate–Judge recommended rejecting Johnson's claims relating to the conditions of his current custody with the Bureau of Prisons ("BOP") on the merits, finding that Johnson failed to enunciate actionable due process claims. *Id.* Ultimately, Magistrate–Judge McGiverin recommended that the Court grant respondents' motion to dismiss. *Id.* Johnson objected, reiterating his belief that administrative exhaustion of his declaration of citizenship claim should not be required and arguing that he is indeed in ICE custody at this time because he has received a "Warrant for Arrest of Alien" and a "Notice to Appear" in addition to the immigration detainer. **ECF No. 40.**

On the same day when Johnson filed his objections, he also filed a *motion informing* the Court that he is no longer located in Puerto Rico, but, rather, has been moved to a correctional institution within the territorial jurisdiction of the United States District Court for the Southern District of Georgia. **ECF No. 41.** Accordingly, Johnson requested that the Court transfer the case to the Southern District of Georgia. *Id.* Respondents opposed the request for transfer and requested that the Court adopt the Magistrate–Judge's R & R in order to dismiss the case. **ECF No. 42.**

■ When confronted with concurrent challenges to its subject matter jurisdiction and venue, the Court has discretion to decide which challenge to address first. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584–85, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). The decision of which challenge to address first should be informed by "considerations of convenience, fairness, and judicial economy." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.,* 549 U.S. 422, 432, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007).

Here, the Court notes that the question of what materials are sufficient to consti-

da, which was subsequently transferred and consolidated with the above-captioned case when the presiding judge in Florida learned that, at that time, Johnson was imprisoned in Puerto Rico. *See* **Civil Case No. 12–1684.**

tute custody for habeas purposes in the immigration context is the subject of a circuit split. *See Zolicoffer v. U.S. Dep't of Justice,* 315 F.3d 538, 541 (5th Cir.2003) (collecting cases from various circuits finding that a detainer, standing alone is insufficient, but recognizing that a detainer plus something else may satisfy the "custody" requirement for habeas jurisdiction); *Vargas v. Swan,* 854 F.2d 1028, 1032–33 (7th Cir.1988) (recognizing that a detainer alone may constitute custody); *Chung Young Chew v. Boyd,* 309 F.2d 857, 865 (9th Cir.1962); *Deutsch v. United States,* 943 F.Supp. 276, 279 (W.D.N.Y.1996) (collecting district court opinions within the Second Circuit holding that a variety of documents, in addition to an immigration detainer, do not constitute future custody). Neither the First Circuit Court of Appeals, nor the Eleventh Circuit Court of Appeals, which reviews decisions from the Southern District of Georgia, have ruled on what materials are sufficient to render a petitioner in INS custody for habeas purposes beyond ruling that an immigration detainer, standing alone, is insufficient. *See United States v. Female Juvenile, A.F.S.,* 377 F.3d 27, 35 n. 13 (1st Cir.2004) (affirming that a detainer, standing alone, is insufficient to render a defendant "in custody" but indicating that other circumstances, combined with the detainer, could be sufficient); *Orozco v. I.N.S.,* 911 F.2d 539, 541 (11th Cir.1990) (holding that a "detainer, standing alone" is insufficient to establish custody, but leaving open the

question of what would be sufficient). In this case, Johnson argues that he is subject to a "Warrant for Arrest of Alien" and a "Notice to Appear" in addition to the detainer. Thus, the decision regarding whether these materials are sufficient to place him in ICE custody would represent a matter of first impression in either the First or Eleventh Circuits.

██ However, it is widely accepted that writs of habeas corpus challenging present physical confinement[2] may only be issued by a district court in the district where the petitioner is confined. *E.g.* 28 U.S.C. § 2241; *Rumsfeld v. Padilla,* 542 U.S. 426, 443, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *Garcia v. Warden,* 470 Fed.Appx. 735, 736 (11th Cir.2012); *United States v. Barrett,* 178 F.3d 34, 50 n. 10 (1st Cir. 1999); *United States v. Plain,* 748 F.2d 620, 621 n. 3 (11th Cir.1984).

██ Thus, as the Southern District of Georgia, where Johnson is currently incarcerated, has jurisdiction over his petition for habeas corpus under 28 U.S.C. § 2241, and as neither the First Circuit nor the Eleventh Circuit have addressed the underlying issue of what constitutes custody in the context of an immigration detainer, the Court understands that principles of judicial economy, along with respect for its sister court's territorial jurisdiction, dictate that the Court **GRANT** Johnson's request for transfer to the Southern District of Georgia (**ECF No. 41**). As the South-

---

**2.** Johnson raises such a challenge to the conditions of his current confinement based on his "alien" status in addition to challenges to his future confinement by ICE. *See* **ECF Nos. 1, 6, 7, 9, 15, 18.** Although the Magistrate-Judge recommended dismissing these claims on the merits under Rule 12(b)(6), the Court understands that the jurisdictional issues should be addressed first. *See e.g., Acosta–Ramírez v. Banco Popular de Puerto Rico,* 712 F.3d 14, 18 (1st Cir.2013) (collecting cases supporting the proposition that "[f]ederal

courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case"). Moreover, transfer of Johnson's challenges to his future detention to his district of detention upon his request is also permissible. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 499 n. 15, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *see also Rumsfeld v. Padilla,* 542 U.S. 426, 443–45, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

350

ern District of Georgia possesses the territorial jurisdiction over petitioner's claims, it is the proper forum to determine whether Johnson's request for habeas corpus and declaratory relief fall within its subject matter jurisdiction. At this time, the Court also **NOTES** Johnson's subsequent, supplemental informative motions regarding the factual and legal background of his requests (**ECF Nos. 6, 7, 9, 15, 18**), which were considered by the Magistrate–Judge in rendering his R & R and are included in the record to be considered by the Southern District of Georgia when rendering a ruling on the pending motion to dismiss.

**IT IS SO ORDERED.**