Ismail MOHAMMED,* Appellant,

v.

John SULLIVAN, Appellee.

No. 88–5072.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 3, 1988.
Decided Jan. 25, 1989.

Mohammed, pro se.

Jon M. Hopeman, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Mohammed Ismail (see footnote below) appeals from an order entered in the District Court for the District of Minnesota denying his Fed.R.Civ.P. 60(b) motion. *Ismail v. Sullivan,* No. CIVIL 5–86–258 (D.Minn. Jan. 27, 1988) (order). Appellant argues that an intervening change in the law warrants relief from an earlier order denying his petition for writ of habeas corpus without prejudice. For the reasons discussed below, we affirm the order of the district court.

Appellant is a citizen of Pakistan who entered the United States in 1983 on a six-month visa. In 1984, in the District Court for the Western District of Michigan,

---

* The court believes that appellant's name is Mohammed Ismail. Appellant signs his pleadings as "M. Ismail," and Bureau of Prison documents identify him as "Mohammed Ismail." However, the name "Ismail Mohammed" appears on most of the district court and several court of appeals documents.

appellant was convicted of several drug-related offenses in connection with a conspiracy to import and distribute heroin. He was sentenced to a total of 15 years imprisonment, 3 years special parole, and an $80,000 fine; he is currently a federal prisoner in the Federal Correctional Institution (FCI) at Sandstone, Minnesota. In 1985 prison officials initially classified appellant as Security Level 1 with OUT custody. The Security Level refers to the security level of a particular prison facility (1 is the lowest; 6 is the highest); the Custody Level refers to the degree of staff supervision that the prisoner requires (there are four custody levels: MAXIMUM, IN, OUT, COMMUNITY).

In late October 1985 the Immigration & Naturalization Service (INS) filed a detainer notice with prison officials at FCI Sandstone. As a result of the detainer notice, prison officials reclassified appellant as Security Level 2 with IN custody, a more restrictive security and custody classification. Appellant successfully challenged his reclassification on the ground that no formal INS detainer had been filed.

In February 1986 the INS filed a formal detainer and prison officials reclassified appellant as Security Level 2 with OUT custody. Appellant's administrative appeals were denied. In October 1986 appellant filed a petition for writ of habeas corpus, alleging that prison officials had unlawfully used the INS detainer to increase his security and custody classification. The petition named as defendant John Sullivan, the warden of FCI Sandstone. Appellant alleged that but for the INS detainer, he would have been classified as Security Level 1 with OUT custody instead of Security Level 2 with OUT custody.

The district court [1] referred the habeas petition to a magistrate. The magistrate [2] found that an INS detainer had been formally lodged against appellant with prison officials and that appellant's security and custody classification as Security Level 2 with OUT custody was "within the parameters of Bureau of Prisons policy." Slip op. at 4 (Feb. 11, 1987) (report and recommendation). Bureau of Prisons Program Statement No. 5100.2 (1985 & 1986) (Security Designations and Custody Classification System) classifies an INS detainer as a "high severity" detainer rated at 5 "points" and recommends a Security Level 2 institution. Appellant had a total score of 9 points. An offender with a score of 7–9 points is assigned to a Security Level 2 institution; FCI Sandstone is a Security Level 2 institution.

The district court reviewed the habeas petition de novo, found that appellant's security and custody classification was within the Bureau of Prisons guidelines and that prison authorities had not abused their discretion in classifying him, and dismissed the petition without prejudice. This court affirmed the order of the district court. *Mohammed v. Sullivan*, 822 F.2d 1095 (8th Cir.1987) (per curiam).

Appellant was not discouraged by these developments. On August 15, 1987, he filed a Fed.R.Civ.P. 60(b) motion citing as grounds for relief what he described as an intervening change in the law, that is, the enactment of 8 U.S.C. § 1252(i) (effective Nov. 6, 1986), which provides that "[i]n the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction." As relief, appellant sought either an immediate deportation proceeding or expungement of the INS detainer from his prison file. The district court denied the Rule 60(b) motion because appellant was not in the custody of the INS for purposes of relief under 8 U.S.C. § 1252(a), (i); appellant did not have a private right of action under 8 U.S.C. § 1252(i); and, in any event, any relief against the INS was premature at this time because appellant's presumptive release date is July 30, 1990. *Ismail v. Sullivan*, No. CIVIL 5–86–258, slip

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

2. The Honorable Janice M. Symchych, United States Magistrate for the District of Minnesota.

op. at 4–6 (Jan. 27, 1988) (order). This appeal followed.

■ Under Fed.R.Civ.P. 60(b) a district court has broad discretion to grant relief from a final judgment or order. "[Rule 60(b) ] is 'properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship,' and 'should be liberally construed when substantial justice will thus be served.'" *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986) (citations omitted), *cert. denied*, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). "A postjudgment change in the law having retroactive application may, in special circumstances, constitute an extraordinary circumstance warranting vacation of a judgment." *Id.* (habeas corpus proceeding). An order denying a Rule 60(b) motion is a final appealable order, but the appeal raises only the denial of the Rule 60(b) motion, not the merits of the underlying final judgment or order. *E.g., Browder v. Director, Department of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

■ We hold the district court did not abuse its discretion in denying relief from the underlying order dismissing appellant's habeas petition without prejudice. To the extent that appellant seeks relief against the INS under 8 U.S.C. § 1252(a), (i), the filing of an INS detainer with prison officials does not constitute the requisite "technical custody" for purposes of habeas jurisdiction. *Campillo v. Sullivan*, 853 F.2d 593, 595–96 (8th Cir.1988); *cf. Fernandez–Collado v. INS*, 644 F.Supp. 741, 743–44 (D.Conn.1986) (federal prisoner brought habeas petition against INS for removal of INS detainer), *aff'd mem.*, 857 F.2d 1461 (2d Cir.1987). Thus, the intervening change in the law cited by appellant as grounds for Rule 60(b) relief is irrele-

vant because the district court lacked jurisdiction.[3]

■ To the extent appellant seeks mandamus or equitable relief[4] against prison officials for considering the INS detainer in assessing his security and custody classification, the intervening change in the law cited by appellant, 8 U.S.C. § 1252(a), (i), which, as noted above, is directed to the INS, does not limit the discretion of prison officials. Under the applicable Bureau of Prisons regulations, prison officials can consider an INS detainer in assessing a prisoner's security and custody classification. Under these circumstances, the district court did not abuse its discretion in denying Rule 60(b) relief.

Accordingly, the order of the district court denying Rule 60(b) relief is affirmed.

---

3. Although we do not reach this issue, we do not think appellant has an implied private right of action to enforce 8 U.S.C. § 1252(i). "[T]he statute and its legislative history reveals that it was intended more as a directive to the INS rather than as a vehicle for incarcerated aliens to demand immediate deportation hearings." *Campillo v. Sullivan*, 853 F.2d 593, 596 n. 4 (8th Cir.1988); *see also Universities Research Ass'n v.*

*Coutu*, 450 U.S. 754, 772, 101 S.Ct. 1451, 1462, 67 L.Ed.2d 662 (1981).

4. *See Albers v. Ralston*, 665 F.2d 812, 819 (8th Cir.1981) (Arnold, J., dissenting), *citing Burton v. Ciccone*, 484 F.2d 1322, 1324 (8th Cir.1973) (action to compel Bureau of Prisons to "substantially comply with its own rules and regulations").