**INDEPENDENT BANKERS ASSOCIA-TION OF AMERICA, et al., Plaintiffs,**

v.

**Robert L. CLARKE, et al., Defendants.**

**STATE OF MISSOURI, ex rel., et al., Plaintiffs,**

v.

**Robert L. CLARKE, et al., Defendants.**

**Nos. 89–4027–CV–C–9, 89–4029–CV–C–5–9.**

United States District Court,
W.D. Missouri, C.D.

May 4, 1990.

Leonard J. Rubin, Bracewell & Patterson, Washington, D.C., and Robert R. Raymond, John M. Kilroy, Jr. and Shugart, Thomson & Kilroy, Kansas City, Mo., for Independent Bankers Ass'n of America, et al.

Bruce H. Beckett, Columbia, Mo., for First Nat. Bank & Trust Co.

Vaughan Finn, Washington, D.C., for Robert L. Clarke, Comptroller in No. 89–4027–CV–C–9.

Michael Boicourt, Atty. General's Office, and Irven L. Friedhoff, Jefferson City, Mo., for State of Mo., ex rel.

Francis Reddis, Asst. U.S. Atty., for Robert L. Clarke, Comptroller in No. 89–4029–CV–C–5–9.

## ORDER REAFFIRMING PREVIOUS ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BARTLETT, District Judge.

On January 26, 1989, the Comptroller of the Currency (Comptroller) approved the applications of First National Bank and Trust Company, Columbia, Missouri (FNB), to establish two branch offices outside its home county. In ruling on these applications, the Comptroller used a functional definition of the term "state bank" and concluded that Missouri savings and loan associations are "state banks" within the meaning of Section 36(c) of the McFadden Act because they are engaged in "banking business" under the authority of Missouri law.

On January 27, 1989, plaintiffs Independent Bankers Association of America, Missouri Independent Bankers Association and the Calloway Bank (IBAA plaintiffs) and the State of Missouri filed complaints for declaratory relief, alleging that the functional approach taken by the Comptroller violated 12 U.S.C. § 36(c). Plaintiffs also asserted that the Comptroller's conclusion that Missouri savings and loans are actually engaged in the banking business was arbitrary and capricious in violation of the Administrative Procedure Act. 5 U.S.C. § 706(2)(A).

On June 30, 1989, I issued a memorandum opinion agreeing with the Comptroller's functional definition of the term "state bank" in 12 U.S.C. § 36(c). 716 F.Supp. 1238. I concluded that "Congress intended to include within the definition of 'State bank' *any* corporation or institution carrying on the banking business regardless of the title a state gave the institution." Memorandum Opinion at 11 (emphasis in original). I also decided that the Comptroller's finding that Missouri savings and loan associations actually perform "banking business" for the purposes of 12 U.S.C. § 36(c) was supported by the administrative record and was not arbitrary and capricious. *Id.* at 13.

In the June 30, 1989, opinion, I requested additional briefing on the question of whether Missouri law satisfies the requirement of 12 U.S.C. § 36(c)(2) that statewide branching must be permitted "by language specifically granting such authority affirmatively and not merely by implication or recognition...." After additional briefing, I issued an order on November 15, 1989, holding that the Missouri branching statute meets the requirements of Section 36(c)(2). Accordingly, I granted defendants' Motion for Summary Judgment and denied plaintiffs' request to issue an order enjoining the establishment of the branch banks in Cole County and Callaway County, Missouri. On November 20, 1989, a final judgment was entered by the Clerk of the Court granting defendants' Motion for Summary Judgment and denying plaintiffs' requests for declaratory and injunctive relief.

On December 7, 1989, the IBAA plaintiffs, pursuant to Rules 59(e) and 60(b), Federal Rules of Civil Procedure, filed a Motion to Reconsider Order Granting Defendants' Motion for Summary Judgment. Plaintiffs request that I

(a) reconsider and vacate [my] Order granting defendants' motion for summary judgment, and

(b) reconsider and grant plaintiffs' motion for summary judgment, or, in the alternative, to vacate the First National Bank & Trust Company branch approvals and remand this matter to defendant The Comptroller of the Currency with instructions that he reconsider his approvals.

This motion was based "upon the ground that the passage of the Financial Institutions Reform, Recovery and Enforcement

Act of 1989 ('FIRREA'), adopted August 9, 1989, has negated certain of the basic premises underlying the Court's Order, justifying relief therefrom." On December 7, 1989, the State of Missouri also filed, pursuant to Rules 59(e) and 60(b), a Motion to Reconsider Order Granting Defendants' Motion for Summary Judgment.

On January 12, 1990, the Comptroller opposed plaintiffs' motions arguing first that plaintiffs have not satisfied the requirements of either Rule 59(e) or Rule 60(b). The Comptroller also argued that:

> The provisions of FIRREA provide absolutely no basis for setting aside the Comptroller's decision, upheld by this Court, that Missouri savings and loan associations are engaging in the banking business within the meaning of Section 36 of the federal branching statute. 12 U.S.C. § 36. FIRREA makes no change to the federal branching statute. Moreover, contrary to plaintiffs' contentions, the provisions of FIRREA do not prohibit savings and loan associations (S & L's or thrifts) from offering the core banking functions relied upon by the Comptroller in reaching his decision. While FIRREA somewhat modifies the level of commercial lending in which an S & L may engage, it does not significantly restrict such activities below the level previously allowed.

Defendant Comptroller of the Currency's Memorandum in Opposition to Plaintiffs' Motion for Reconsideration at 2–3.

On January 17, 1990, FNB adopted the Memorandum in Opposition to Plaintiffs' Motion for Reconsideration submitted by the defendant Comptroller of the Currency. The IBAA plaintiffs filed a Reply on January 19, 1990.

Plaintiffs' motions for reconsideration were filed more than ten days after the entry of judgment and do not meet the jurisdictional requirement of Rule 59(e) that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." In their Reply, the IBAA plaintiffs withdraw Rule 59(e) as a basis for reconsideration.

Plaintiffs also argue that relief from the judgment is warranted under either Rule 60(b)(5) or (6). Plaintiffs' January 14, 1990, Reply at 3–7.

Under Rule 60(b),

> a district court has broad discretion to grant relief from a final judgment or order. "[Rule 60(b) ] is 'properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and. undue hardship,' and 'should be liberally construed when substantial justice will thus be served.' "

*Mohammed v. Sullivan,* 866 F.2d 258, 260 (8th Cir.1989) *citing Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir.1986) (citations omitted), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987).

If, as plaintiffs assert, the enactment of FIRREA "dramatically changed certain of the fundamental premises upon which the Comptroller relied in approving the branch applications of defendant First National Bank and Trust Company," my order granting defendants' Motion for Summary Judgment that did not refer to FIRREA could well be wrong. Correction of what could be an erroneous order if plaintiffs' argument prevails is within Rule 60(b).

Nevertheless, I am troubled by plaintiffs' motions for reconsideration because they are based on a widely publicized event which took place more than three months *before* my November 15, 1989, order and because plaintiffs give no reason as to why their assertions regarding the impact of the passage of FIRREA were not brought to my attention before I issued my order. Indeed, as the Comptroller asserts:

> [I]t is incredible that the Independent Bankers Association, 'a nonprofit membership trade association representing approximately 6,000 commercial banks in the United States and the District of Columbia' (IBAA Complaint at 4), the Missouri Independent Bankers Association, which 'represents approximately 200 banks in Missouri' (*id.*), and the State of Missouri were unaware until December of the passage of FIRREA, probably the most publicized legislation of the last congressional term.

Defendant Comptroller's Memorandum in Opposition at 9. The Comptroller correctly characterizes plaintiffs' motions for reconsideration as "extraordinary and belated." *Id.* at 1.

Without deciding what effect, if any, these circumstances have on plaintiff's Rule 60(b) motion, I will reconsider my November 15, 1989, order.

FIRREA does not materially alter the basis for the Comptroller's functional definition of "state banks." The core banking services are deposit taking, credit-exchange functions and lending. FIRREA does not affect the deposit taking and credit-exchange functions of state savings and loan associations. At most, FIRREA curtails the volume of certain lending services conducted by savings and loans. Although FIRREA may alter the level of competition in making non-real estate loans if savings and loan associations reach the maximum level allowed under the Act, it does not alter the fact that there is competition between savings and loan associations and banks in providing lending services. Because FIRREA does not affect materially the authority of Missouri savings and loan associations to exercise traditional banking powers, it does not alter the grounds for the Comptroller's decision granting FNB's applications.

Accordingly, for the reasons stated in this order and for the reasons stated in defendant Comptroller of the Currency's January 12, 1990, memorandum in opposition, it is hereby ORDERED that:

1) after reconsidering my June 30, 1989, and November 15, 1989, orders, I reaffirm both; and

2) for the reasons stated in both orders and in this order, defendants' Motion for Summary Judgment is granted.