# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-3334

———————

Rene R. Belasco,

  Appellant,

   v.

George Snyder, Warden, F.C.I.
Forrest City, Arkansas,

  Appellee.

 Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

———————

Submitted:  February 4, 2000

Filed: February 15, 2000

———————

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
  Judges.

———————

PER CURIAM.

  Rene Belasco, a federal inmate, appeals the district court's[1] dismissal of his 28
U.S.C. § 2241 petition for a writ of habeas corpus.  We conclude that the filing of an

---

[1]The Honorable Stephen M. Reasoner, United States District Judge for the
Eastern District of Arkansas, adopting the findings and recommendation of the
Honorable H. David Young, United States Magistrate Judge for the Eastern District of
Arkansas.

Immigration and Naturalization Service (INS) detainer with federal prison officials, merely notifying them that the INS will in the future make a decision regarding Mr. Belasco's deportation, does not create custody supporting habeas corpus jurisdiction; and, without deciding whether the INS detainer adversely affected Mr. Belasco's custody and security classifications, we note that prison officials may consider an INS detainer in assessing such classifications. See Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989) (filing INS detainer with prison officials does not constitute technical custody for purpose of habeas jurisdiction; prison officials may consider INS detainer in assessing prisoner's classifications); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988) (prisoner may not challenge detainer via habeas corpus until he is placed in INS custody, which will not occur until prisoner is released from present term of confinement), cert. denied, 490 U.S. 1082 (1989). Mr. Belasco's apparent argument that the INS has no authority to deport him because he did not commit an aggravated felony is not ripe for judicial review, as a final removal order has not been issued. See 8 U.S.C. § 1252(b)(9) (judicial review of questions of law and fact arising from action taken or proceeding brought to remove alien shall be available only in judicial review of final order under this section). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.