# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1756

_____

German Perez-Ramirez,       *
      *
       Appellant,       *
      *    Appeal from the United States
      v.       *    District Court for the
      *    District of Minnesota.
Dave Lindemann, Special Agent;       *
Immigration and Naturalization       *       [UNPUBLISHED]
Service,       *
      *
       Appellees.       *

_____

Submitted: September 7, 2001

Filed: September 12, 2001

_____

Before WOLLMAN, Chief Judge, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

German Perez-Ramirez, a federal inmate, appeals the district court's[1] dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. We conclude that the

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

filing of an Immigration and Naturalization Service (INS) detainer with federal prison officials, merely notifying them that the INS will in the future make a decision regarding Mr. Perez-Ramirez's deportation, does not create custody supporting habeas corpus jurisdiction; and, without deciding whether the INS detainer adversely affected Mr. Perez-Ramirez's custody and security classifications, we note that prison officials may consider an INS detainer in assessing such classifications. See Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989) (filing INS detainer with prison officials does not constitute technical custody for purpose of habeas jurisdiction; prison officials may consider INS detainer in assessing prisoner's classifications); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988) (prisoner may not challenge detainer via habeas corpus until he is placed in INS custody, which will not occur until prisoner is released from present term of confinement), cert. denied, 490 U.S. 1082 (1989); see also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (Congress has given federal prison officials full discretion to control prison classification and qualification for institutional programs). Mr. Perez-Ramirez has alluded to additional arguments; they lack merit, however.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.