Marlon **HENRIQUEZ,** Petitioner,

v.

**ASHCROFT,** Respondent.

No. 02 CV 3184(NG)(MDG).

United States District Court, E.D. New York.

July 1, 2003.

Marlon Henriquez, pro se, for plaintiff.

Daniel Millen–Cisin A.U.S.A, Dione M. Enea, A.U.S.A, for defendant.

### *ORDER*

GERSHON, District Judge.

Petitioner *pro se*, Marlon Henriquez, has filed a "Petition for a Writ of Mandamus," pursuant to 28 U.S.C. § 1651, seeking an order directing Immigration and Naturalization Service (the "INS") to issue a certificate of citizenship. Petitioner is also challenging his possible future detention and removal upon the execution of an INS detainer, and the court construes that portion of his petition as seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Specifically, petitioner claims that he cannot be removed from the United States because he derived United States citizenship through his father's wife, who is a citizen, under former Section 321 of the Immigration and Nationality Act of 1952 (the "INA"), as amended, former 8 U.S.C. § 1432. Respondent moves to dismiss petitioner's claims on the grounds that (1) this court lacks subject matter jurisdiction to review petitioner's challenge to removal because petitioner is not in the custody of the INS; (2) the court lacks jurisdiction to

consider the question of petitioner's derivative citizenship because petitioner has failed to exhaust his administrative remedies; (3) petitioner's challenge to his possible future removal is not yet ripe for judicial review; and (4) petitioner's claim of derivative citizenship is meritless.

Petitioner was born in Honduras on April 16, 1974, to Honduran citizens, Mercedes Ramirez and Hernan Henriquez. Petitioner's biological parents were never married. On May 6, 1975, petitioner's father married Nereida Acosta, a United States citizen. Ms. Acosta filed a visa petition on behalf of petitioner in 1985, and petitioner was admitted to the United States by the INS as a lawful permanent resident on August 23, 1985.

On November 6, 1996, petitioner was convicted in the United States District Court for the District of Massachusetts of distributing cocaine base and criminal forfeiture in violation of 21 U.S.C. §§ 846 and 853. Petitioner was sentenced to a term of imprisonment of 151 months and is not eligible for release until 2007. He is currently serving his sentence in the custody of the Bureau of Prisons (the "Bureau") at FCI Elkton, in Lisbon, Ohio. On March 11, 1997, the INS lodged a detainer with the Bureau, indicating that the INS had initiated an investigation into whether the petitioner is subject to removal from the United States. At this time, the INS has not taken any action to initiate removal proceedings against petitioner.

On November 13, 2001, petitioner filed an application for a certificate of derivative citizenship with the INS. On February 13, 2003, the INS issued a decision denying petitioner's application. By letter dated May 18, 2003, petitioner notified this court of his intention to appeal the decision.

An individual may seek judicial review of a claim of derivative citizenship through

one of two channels. If an individual applies to the INS for a certificate of derivative citizenship, and the application is denied, the applicant may appeal the decision to the Administrative Appeals Unit. *See* 8 C.F.R. § 322.5(b). If the applicant is denied citizenship by the Administrative Appeals Unit, he or she may then bring an action in federal district court seeking a declaratory judgment of citizenship, *see Barham v. United States,* 1999 WL 1092560 at *2 (E.D.N.Y.1999)("Only after a certificate of citizenship is denied following this administrative procedure does the district court have jurisdiction to determine citizenship"), unless such claim "arose by reason of, or in connection with any removal proceeding . . ., or is in issue in any such removal proceeding." *See* 8 U.S.C. § 1503(a)(2000). Where an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied, that individual may seek judicial review of the claim only before the appropriate court of appeals, not a district court. *See* 8 U.S.C. § 1252(b)(5); *See also Alvarez–Garcia v. United States,* 234 F.Supp.2d 283, 289 (S.D.N.Y.2002).

■ Here, petitioner has not exhausted the administrative remedies available to him. Although the INS denied petitioner's initial application for derivative citizenship, petitioner has not demonstrated that he has properly appealed this decision and had such appeal denied by the INS Administrative Appeals Unit. Although petitioner's letter to the court of May 18, 2003 indicates that petitioner *intends* to appeal the INS decision denying him a certificate of citizenship, such intent to appeal does not, in the absence of an adverse decision on that appeal from the Administrative Appeals Unit, satisfy the exhaustion requirements. Accordingly, petitioner has not exhausted his administrative remedies, this court lacks jurisdiction to consider the question of petitioner's derivative citizenship, and the remedy of mandamus is not available. Petitioner's remedy is to appeal to the BIA. *See Hussein v. Ashcroft,* 2002 WL 31027604 at 3 (E.D.N.Y.2002)(holding that the remedy of mandamus is available only where a petitioner has demonstrated (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) the lack of availability of an other adequate remedy).

■ Turning to the second channel, as noted above, the appropriate forum in which to raise a claim of derivative citizenship as a challenge to a final order of removal is the Court of Appeals for the Second Circuit, pursuant to a petition for review, *see* 8 U.S.C. § 1252(b)(5), not a district court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Since petitioner is not at present the subject of removal proceedings and has not raised his claims before an immigration judge or the BIA, the Court of Appeals is not an available forum.

To the extent petitioner is challenging his possible future detention and removal, the court construes petitioner's application as seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In addition to the principles just described regarding the jurisdiction of the Court of Appeals, a district court has jurisdiction to issue a writ of habeas corpus only if the petitioner is in the custody of the party against whom the writ is sought. However, petitioner is not in the custody of the INS, but is incarcerated by the Bureau of Prisons. Petitioner argues that, because the INS has lodged a detainer with the Bureau of Prisons, he is in technical custody of INS, and thus this court has jurisdiction to consider his application.

■ The United States Court of Appeals for the Second Circuit has not decid-

ed the issue of whether the mere filing of an INS detainer with prison officials satisfies the "in custody" requirement of Section 2241(c)(e). However, in *Roldan v. Racette*, 984 F.2d 85, 87–88 (2d Cir.1993), the Court recognized that the "clear majority view" is that an INS detainer does not place an alien in INS custody and merely constitutes notice that future INS custody will be sought and requests notice prior to the prisoner being released from confinement. Additionally, while the Second Circuit has not yet decided if it will join the majority of circuits on this issue, the district courts of this circuit have overwhelming done so. *See DiGrado v. Ashcroft*, 184 F.Supp.2d 227, 232 (N.D.N.Y. 2002) ("The prevailing view in the federal courts, including all the districts within this state that have considered the issue, is that a federal habeas petitioner raising a claim concerning the issue of deportability must be in the custody of the INS when the suit is commenced.")(*citing Deutsch v. United States*, 943 F.Supp. 276, 278 (W.D.N.Y.1996); *Severino v. Thornburgh*, 778 F.Supp. 5, 6 (S.D.N.Y.1991); *Wang v. Reno*, 862 F.Supp. 801, 813 (E.D.N.Y. 1994); *Dearmas v. INS*, 1993 WL 213031, at \*3 (S.D.N.Y.1993)). The reasoning behind this view is that an INS detainer "does not purport to place [a] prisoner in the present or future custody of the INS but acts to alert prison officials that the INS needs advance notice as to when a prisoner *will be released from custody." Dearmas*, 1993 WL 213031, at \*3 and n. 2. (S.D.N.Y.1993). Under these circumstances, a detainer cannot be considered as placing an alien in the custody of the INS. *Id. citing Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir.1989); *Severino*, 778 F.Supp. at 7; *Paulino v. Connery*, 766 F.Supp. 209, 211–12 (S.D.N.Y.1991). In sum, the detainer lodged by the INS does not establish the jurisdictional predicate of 28 U.S.C. § 2241.

For the above stated reasons, respondent's motion is granted, and the petition for mandamus and for a writ of habeas corpus is denied. As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

**SO ORDERED.**