**Everett Neil AUSTIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, John Ashcroft, Respondents.**

**No. 03 CV 6089(NG)(RLM).**

United States District Court, E.D. New York.

March 10, 2004.

Everett Neil Austin, Brooklyn, NY, Pro se.

Denise McGinn, Assistant United States Attorney, Brooklyn, NY, for defendant.

**ORDER**

GERSHON, District Judge.

Petitioner brings this action seeking a declaration, pursuant to 8 U.S.C. § 1503, that he is a national of the United States. He claims that he is being barred from exercising his rights as a U.S. national in that the Bureau of Prisons' classification of him as an alien made him ineligible for certain benefits. Respondents oppose petitioner's motion on the following grounds: (1) petitioner's release from the custody of

the Bureau of Prisons has mooted the action; (2) the court lacks subject matter jurisdiction to hear a challenge to removal proceedings because petitioner failed to exhaust his administrative remedies and because jurisdiction properly lies with the court of appeals; and (3) petitioner's claim that he is a non-citizen national fails on the merits.

## BACKGROUND

Petitioner was born in Jamaica on November 1, 1968. He entered the United States with an immigrant visa on February 24, 1992. Petitioner registered for Selective Service on November 15, 1993. Petitioner has one child, who was born in the United States on April 27, 1996, but who may reside in Jamaica.[1] On September 20, 1996, petitioner filed an application for naturalization with the INS. Four years later, on September 27, 2000, petitioner's application for naturalization was administratively closed.

On November 22, 1996, petitioner was arrested in the Southern District of Texas for possession with intent to distribute 919 kilograms (over 2000 pounds) of marijuana. On February 7, 1997, a jury found petitioner guilty of possession with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(B). Petitioner was sentenced to 97 months in prison.

While petitioner was in the custody of the Bureau of Prisons ("BOP"), the Immigration and Naturalization Service ("INS") served on him a Notice to Appear for removal proceedings, dated April 25, 1997. On December 5, 2003, petitioner was released from the custody of the BOP and placed into the custody of the Bureau of Immigration and Customs Enforcement ("BICE"), the successor agency to the INS. Petitioner had a hearing before an Immigration Judge ("IJ") in Newark, New Jersey on December 17, 2003. The IJ found petitioner deportable and ordered him removed to Jamaica.[2] By letter of January 23, 2004, petitioner waived his right to appeal the IJ's decision and requested that he be deported. Petitioner stated that he believed his claim in this court would not be affected by his deportation. In a letter to the court dated January 31, 2004, petitioner again "reserved" his claim that he is a national of the United States. He stated that

[a]t my immigration hearing I had declared my United States nationalship and its pending confirmation. Immigration Judge, Honorable Henry S. Dogin, stated to me that such pending national claim take up to eleven years. The Honorable Judge basically implied to my understanding that I'll be better off being deported than to remain in stated inhumane conditions [at the immigration detention center]. Therefore, I choosed to waive my right as an immigrant but not as a United States national. My immigrant's status as a Jamaican citizen was renounce at the time of me applying for U.S. citizenship.

The instant action was brought on November 3, 2003, approximately one month before petitioner was released from the custody of the BOP. As of January 31, 2004, petitioner was apparently still in the custody of the BICE, being housed at the

---

1. In his letter to the ICE dated January 23, 2004, petitioner indicated that being deported to Jamaica would allow him to "reinstate his relationship with his American born child."

2. The basis of the removal order is unclear from the record, but it appears likely that petitioner was found removable because he has been convicted of an aggravated felony, pursuant to Section 237 of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii).

Monmouth County Correctional Institution in Freehold, New Jersey.

## DISCUSSION

8 U.S.C. § 1503(a) provides in pertinent part:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of title 28, United States Code, against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this or any other act, or (2) is in issue in any such removal proceeding.

As is apparent from the text of the statute, actions seeking a declaration of nationality in the context of removal proceedings may not be brought under this provision. *See also Henriquez v. Ashcroft*, 269 F.Supp.2d 106, 108 (E.D.N.Y.2003).

In his motion for declaratory judgment, petitioner claims he is being barred from exercising his rights as a United States national because the BOP classified him as an alien, thus making him ineligible for "pre-community placement, [an] eighteen months sentence reduction after completing a drug awareness program, and halfway house placement." However, petitioner also argues in his motion that he "should not be a subject for deportation, because of his narcotic conviction, for purposes of INA §§ 237(a)(2)(A)(iii). Prior to

petition's [sic] conviction, he had demonstrated his allegiance to the United States."

▮▮▮ Petitioner completed his sentence and was released from BOP custody on December 5, 2003. Thus, he no longer has a claim that a "right or privilege as a national of the United States" is being denied by the BOP. However, he is subject to a deportation order that he hopes to have invalidated were he to be declared a U.S. national. As noted above, the claim that he is a national cannot be brought under 8 U.S.C. § 1503. Rather, claims of nationality in the context of removal proceedings are governed by 8 U.S.C. § 1252(b)(5), which provides that they must be brought in the court of appeals in the first instance. *See Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir.2002); *Henriquez*, 269 F.Supp.2d at 108. The court of appeals may review a claim of nationality pursuant to § 1252(b)(5) if the petitioner is subject to a final order of removal, and he files the petition for review no later than 30 days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1); *see Taniguchi*, 303 F.3d at 956. If the court of appeals finds there is an issue of fact to resolve, it may transfer the proceeding to the district court. 8 U.S.C. § 1252(b)(5). Although petitioner does not contest the grounds for his removal in this court, it is clear that the nationality issue arose during the course of, and as a defense to, his removal proceeding. Therefore, only a court of appeals can hear the claim. Petitioner's claim of nationality, which he presented to the IJ during his removal hearing, is clearly "in issue" in his removal proceedings, and thus, may not be brought under 8 U.S.C. § 1503(a). That petitioner chose to waive administrative appeal of his removal order may affect whether the court of

appeals will hear his case, but he cannot create jurisdiction in this court through such a waiver.

In the interests of justice, petitioner's nationality claim will be transferred, pursuant to 28 U.S.C. § 1631, to the Court of Appeals for the Third Circuit. *See Paul v. INS*, 348 F.3d 43, 46 (2d Cir.2003). Under 8 U.S.C. § 1252(b)(2), the petition for review shall be filed with the Court of Appeals for the judicial circuit in which the Immigration Judge completed the proceedings. Since petitioner's removal proceedings were completed in New Jersey, the Court of Appeals for the Third Circuit is where petitioner should have originally brought his nationality claim. It will be a matter for the Court of Appeals to decide whether petitioner may be excused for failing to exhaust his administrative remedies by waiving his appeal of the removal order and to decide any other defenses raised by respondents.

## CONCLUSION

Petitioner's nationality claim is transferred to the Court of Appeals for the Third Circuit. The Clerk is directed to forward the file to the Clerk of Court for the Third Circuit, and to remove the case from the docket of this court.

**SO ORDERED.**