**Rogelio BOYD, Petitioner,**

v.

**IMMIGRATION AND CUSTOMS ENFORCEMENT,**
Respondent.

Nos. 04 CV 1203(NG)(ASC),
04 CV 1636(NG)(ASC).

United States District Court,
E.D. New York.

Nov. 10, 2004.

Rogelio Boyd, Pro Se, for plaintiff.

United States Attorney, EDNY, By Timothy Maguire, Esq., Dione M. Enea, Esq., for defendant.

### OPINION AND ORDER

GERSHON, District Judge.

Petitioner, who is currently detained in the custody of United States Immigration and Customs Enforcement ("ICE"), has filed two virtually identical petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Pursuant to an order dated June 21, 2003, the petitions have been consolidated. Claiming that he is a United States citizen, petitioner challenges the validity of an order of deportation entered against him. For the reasons set forth below, this court lacks subject matter jurisdiction over the petitions. Accordingly, they are dismissed.

### FACTS

Petitioner was born in Panama on June 3, 1965. He entered the United States as a nonimmigrant visitor for pleasure on March 13, 1982. Initially, he was authorized to remain here until April 20, 1982. His authorization was later extended to October 20, 1982. Petitioner remained in the United States beyond that date. The Immigration and Naturalization Service ("INS") [1] commenced deportation proceedings against petitioner on May 12, 1983.

---

**1.** On March 1, 2003, the INS was abolished and its functions transferred to the Department of Homeland Security. *See* Homeland Security Act, Pub.L. 107–296, 116 Stat. 2135 (2002). The Bureau of Citizenship and Immigration Services ("BCIS") took over the service and benefit functions of the INS. Subsequently, this agency was renamed United States Customs and Immigration Services ("CIS"). ICE took over the law enforcement functions of the INS.

On September 1, 1983, the immigration judge ("IJ") issued a decision ordering that petitioner be deported if he did not leave the country voluntarily by September 7, 1983 ("Order of Deportation"). Petitioner failed to leave voluntarily and was deported to Panama on September 9, 1983. He later re-entered the United States illegally.

On October 12, 1993, petitioner was convicted in New York State Supreme Court, Kings County, of rape in the first degree, and sentenced to three and one-half to ten and one-half years in prison. On December 19, 2003, petitioner was convicted in the Southern District of New York of illegally re-entering the United States, and sentenced to three months in prison.

On October 29, 2003, the Department of Justice ("DOJ") gave petitioner notice of its intent to reinstate the Order of Deportation. Following adjudication by an immigration officer, DOJ issued a decision and order on January 23, 2004 reinstating

the Order of Deportation.[2] Since the end of his prison term for the federal conviction, petitioner has been detained in the custody of ICE. On March 22, 2004, and again on April 19, 2004, petitioner filed petitions for a writ of habeas corpus, which were consolidated before this court. The only issue raised in the petitions is that of petitioner's citizenship. Petitioner asserts that he is a United States citizen pursuant to Section 303 of the INA, codified at 8 U.S.C. § 1403, which confers citizen status on the children of certain United States citizens residing in Panama. An order granting petitioner a temporary stay of deportation was entered on April 22, 2004.

## DISCUSSION

The INA requires a habeas corpus petitioner to exhaust all available administrative remedies before seeking judicial review by a federal court. 8 U.S.C. § 1105a(c) (1995) (repealed Sept. 30, 1996); *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 52 (2d Cir.2004).[3] Failure to exhaust

2. The Order of Deportation was reinstated pursuant to Section 241(a)(5) of the INA, 8 U.S.C. § 1231(a)(5), and its implementing regulation, 8 C.F.R. § 241.8. The statute provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry. 8 U.S.C. § 1231(a)(5).

This provision took effect on April 1, 1997, which was after petitioner's illegal reentry. Although petitioner does not raise the issue, the court notes that the Courts of Appeals to address the issue have split on whether this provision may be applied retroactively to illegal reentries that occurred prior to April 1, 1997. The Sixth and Ninth Circuits have held that it may not be applied retroactively. *See Bejjani v. Immigration and Naturalization Service*, 271 F.3d 670, 684–87 (6th Cir.2001);

*Castro–Cortez v. Immigration and Naturalization Service*, 239 F.3d 1037, 1050–52 (9th Cir.2001). The Fourth, Fifth, and Eighth Circuits, on the other hand, have held that it may be applied retroactively, at least in certain circumstances. *See Velasquez–Gabriel v. Crocetti*, 263 F.3d 102, 106–09 (4th Cir.2001); *Ojeda–Terrazas v. Ashcroft*, 290 F.3d 292, 299–302 (5th Cir.2002); *Alvarez–Portillo v. Ashcroft*, 280 F.3d 858, 864–67 (8th Cir.2002). Since this court concludes that it lacks subject matter jurisdiction over the habeas corpus petitions, it does not reach the issue of whether retroactive application of Section 241(a)(5) was proper in this case.

3. The Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009–546 (1996), enacted comprehensive amendments to the INA. Judicial review of an order of deportation that became final before October 30, 1996 is governed by the INA as it existed prior to amendment by IIRIRA. *Henderson v. Immigration and Naturalization Service*, 157 F.3d 106, 117 (2d Cir.1998). Here, the Order of Deportation became final on September 7, 1983. It

administrative remedies deprives a district court of subject matter jurisdiction over a habeas corpus petition. *Theodoropoulos v. Immigration and Naturalization Service,* 358 F.3d 162, 168 (2d Cir.2004). The statutory exhaustion requirement is excusable only when "manifest injustice" would otherwise result. *Marrero Pichardo,* 374 F.3d at 53.

■■■ Petitioner has failed to exhaust the administrative remedies available to him as of right. In general, there are two administrative avenues for presenting a claim of citizenship. First, a person may raise such claim during the course of removal proceedings. If the claim is denied and all administrative appeals exhausted, the claimant may seek judicial review in the Court of Appeals. 8 U.S.C. § 1105a(a)(5) (1995) (repealed Sept. 30, 1996); 8 U.S.C. § 1252(b)(5) (2004). (Thus, even if petitioner had satisfied the exhaustion requirement, this court would not have jurisdiction to hear his case. When a claim of citizenship arises in the context of a removal proceeding, original jurisdiction lies in the Court of Appeals exclusively. *See Austin v. Immigration and Naturalization Service,* 308 F.Supp.2d 125, 127 (E.D.N.Y.2004).) Second, a person may submit an application for a certificate of citizenship to CIS on Form N–600. 8 U.S.C. § 1452; 8 C.F.R. § 341.1. If the application is denied and all administrative appeals exhausted, the applicant may seek judicial review in a district court. 8 U.S.C. § 1503. *See generally Anees v. Ashcroft,* 2004 WL 1498075 (D.Conn.2004). Petitioner did not present

his claim of citizenship to the IJ during the original deportation proceedings; he did not appeal the IJ's decision to the Board of Immigration Appeals ("BIA"); he did not present his claim of citizenship to the immigration officer who adjudicated the reinstatement of the deportation order; and he has never submitted an application for a certificate of citizenship to CIS or any of its predecessor agencies. He may not seek collateral review of a deportation order that was not appealed to the BIA, and he may not present his claim of citizenship in federal court without ever having presented it to the agency for consideration.

■■■ No manifest injustice will result from enforcement of the exhaustion requirement in this case. Unlike in *Marrero Pichardo,* petitioner has not resided in the United States for a substantial period of time with his family; rather, most of petitioner's time in this country has been spent in prison. *See Marrero Pichardo,* 374 F.3d at 54. Significantly, there is no basis in the record from which to conclude that petitioner's "claim is virtually certain to succeed" if considered on the merits. *Id.* In addition, the government did not delay in raising the exhaustion issue. *Id.*

Accordingly, the court is deprived of jurisdiction in this matter by petitioner's failure to exhaust administrative remedies. The consolidated petitions for a writ of habeas corpus are, therefore, dismissed. In light of this outcome, the court need not address the other jurisdictional impediments asserted by the government.

---

is, therefore, subject to review under the pre-IIRIRA INA. The exhaustion requirement for habeas corpus petitioners, however, was not changed in any material way by IIRIRA. *Compare* 8 U.S.C. § 1105a(c) (1995) (repealed Sept. 30, 1996) ("An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of

right under the immigration laws and regulations . . . .") *with* 8 U.S.C. § 1252(d)(1) (2004) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right . . . ."). As a result, cases interpreting the pre-IIRIRA exhaustion provision may be cited interchangeably with cases interpreting the IIRIRA exhaustion provision.

## CONCLUSION

For the foregoing reasons, the consolidated petitions for a writ of habeas corpus are hereby dismissed, and the temporary stay of deportation is lifted. The Clerk of Court is directed to close these cases.

**SO ORDERED.**